Michael Rose

North Star Law Group, LLC

4300 B St. Ste 206

Anchorage, AK 99503

(907) 205-4434

michael@northstarlawgroup.com


Charles W. Ray, Jr.

645 G St. Ste 100 PMB 977

Anchorage, AK 99501

(907) 227-0617

craylaw@hotmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

Bailey Johnson,

    Plaintiff,

v.

Maniilaq Association,

    Defendants.

Case No. 3:21-cv-00206-JWS

**COMPLAINT**

Plaintiff Bailey Johnson (hereafter "Johnson"), through her lawyers, North Star Law Group, LLC, and Charles W. Ray, Jr., P.C., complains and alleges as follows:

**A. JURISDICTION AND PARTIES**

1. Johnson is a citizen of Texas, currently residing in Colorado.

2. Defendant Maniilaq Association (hereafter "Maniilaq") is a non-profit corporation established under the laws of the State of Alaska, with its principal place of business in Kotzebue, Alaska. Maniilaq owns and operates the Maniilaq Health Center (hereafter "Center"), a medical hospital and clinic located in Kotzebue.

3. On or about 4 March 2019, Johnson was engaged to work as a registered nurse at the Center, and traveled from her home in Texas to Kotzebue where she began employment at the Center as a registered nurse.

4. On or about 24 September 2019, and as more fully described below, Johnson was terminated for improper reasons from her position as a registered nurse at the Center.

5. This Court has jurisdiction of this matter under 28 U.S.C. §1332(a)(1) as the events at issue occurred in this state, there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds the Court's jurisdictional limit.

## B. ALLEGATIONS COMMON TO ALL CLAIMS

6. Plaintiff realleges and incorporates herein by reference the above allegations.

7. Johnson was initially engaged to work as a registered nurse at the Center from 4 March 2019 to 1 June 2019, which term was extended through 28 September 2019 and then, on or about 29 July 2019, extended again through 1 February 2020.

8. The referenced extensions to her term of employment were based on assessments by supervisory staff at the Center that Johnson's work, including the quantity and quality of the

work, and her compatibility with her colleagues, patients, and the community in which the Center is located, were excellent, and that she was a valuable addition to the nursing staff at the Center as well as the community. At no time until her termination on 24 September 2019 were there complaints about the quality or quantity of her work, or her interactions with supervisors, colleagues, and/or patients during performance of her work at the Center.

9. Maniilaq terminated Johnson's employment at the Center on or about 24 September 2019 for reasons completely unrelated to her work, the quality and quantity thereof, interactions with medical staff during her work hours, patient safety, or any other even arguably work-related basis. Rather, the sole basis for her termination was a friendly relationship with a male Maniilaq employee whose job duties did not involve the provision of medical or nursing services provided by Maniilaq or Johnson, and which relationship had no adverse effect on Johnson's performance of her job.

### C. First Cause of Action

10. Plaintiff realleges and incorporates herein by reference the above allegations.

11. Defendant Maniilaq's termination of Johnson's employment violated state and/or federal employment laws, including without limitation AS 18.80.220(a)(1) and 42 U.S.C. § 1981, and the covenant of good faith and fair dealing, as said termination was based upon her sex or gender, her Caucasian ethnicity, or both, and in retaliation for a consensual cross-racial, cross-

cultural relationship with a male Maniilaq employee, although that male employee suffered no employment consequences for that relationship.

12. Defendant's wrongful termination of Johnson's employment at the Center was a legal cause of all damages resulting from the termination, including without limitation, lost wages, lost employment benefits including without limitation lost travel, housing, and *per diem* compensation, infliction of emotional distress and damage to reputation, and such other damages as are allowed by law, all in an amount exceeding $75,000.00.

### D. SECOND CAUSE OF ACTION

13. Plaintiffs reallege and incorporate herein by reference the above allegations.

14. At the time Johnson was terminated from her employment at the Center, Defendant knew it had no reasonable employment-related basis to do so but instead, either intentionally or recklessly, terminated her employment knowing that the only basis for doing so was illegal and in violation of state and/or federal laws concerning discrimination in employment, and knew or should have known that such action would damage Johnson as described above.

15. Such conduct by Maniilaq in its actions toward Johnson was outrageous, malicious, and/or in reckless disregard of duties that Maniilaq knew or should have known it owed to all staff at the Center, and entitles Johnson to an award of punitive or exemplary damages in addition to compensatory damages in order to punish Defendant and deter it and similarly situated people or entities from engaging in such conduct in future.

## E. Prayer for Relief

WHEREFORE, Plaintiff Bailey Johnson prays for relief as follows:

1. An award of compensatory damages in excess of $100,000;

2. An award of punitive damages;

3. Costs, interest, and attorneys' fees as the Court may allow; and

4. Such other and further relief as the facts and law warrant.

DATED: September 9, 2021

NORTH STAR LAW GROUP, LLC
Lead Counsel, Attorney for Plaintiff


 /s/ Michael Rose
Michael Rose
Alaska Bar No. 1211110

DATED: September 9, 2021

CHARLES W. RAY, JR.
Co-Counsel, Attorney for Plaintiff


 /s/ Charles W. Ray, Jr.
Charles W. Ray, Jr.
Alaska Bar No. 8406048

NORTH STAR LAW GROUP, LLC.
4300 B ST SUITE 206, ANCHORAGE, AK 99503
CONTACT@NORTHSTARLAWGROUP.COM   TEL. (907) 205-4434